UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4187

GERALD V. MORGAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-P6221350, CR-P6221351)

Submitted: June 11, 1996

Decided: August 12, 1996

Before WIDENER and LUTTIG, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Robert B. Long, Jr., LONG, PARKER & WARREN, P.A., Asheville,
North Carolina, for Appellant. Mark T. Calloway, United States
Attorney, Thomas R. Ascik, Assistant United States Attorney, Ashe-
ville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gerald V. Morgan appeals from the district court's order affirming the judgment of the magistrate judge. Pursuant to 28 U.S.C.A. § 636 (West 1993), Morgan waived his right to trial before the district court and consented to trial by a magistrate judge. Morgan pleaded guilty to construction of a road across National Park property, in violation of 36 C.F.R. § 5.7 (1995), and the destruction of natural resources by cutting down twenty trees, in violation of 36 C.F.R.§ 2.1(a)(1)(ii) (1995). At the sentencing hearing the magistrate judge sentenced Morgan to serve two years probation, to pay a fine of $2,500 for each offense, pay a $10 assessment fee for each offense, and ordered him to pay restitution of $63,400 as replacement value of the cut trees, $3,100* for site repair and $1,038 for personnel costs. Morgan argues that the magistrate judge failed to make clear, specific, and explicit factual findings in support of the restitution order and erroneously included assets belonging to his family members in determining his ability to pay. In determining restitution, the magistrate judge relied on the testimony of the government's witnesses to ascertain the loss suffered by the government and Morgan's own testimony as to his financial condition. Upon reviewing the record for abuse of discretion we find that there was no abuse of discretion. See United States v. Granado, 72 F.3d 1287, 1294 (7th Cir. 1995) (considering assets titled in other than defendant's name in determining ability to pay fine). Accordingly, we affirm and remand for correction of the clerical mistake in the judgment. We dispense with oral argument because

_____

*The judgment signed by the magistrate judge shows that Morgan was ordered to pay $3,400 for site repair, but the record shows that the magistrate judge ordered Morgan to pay $3,100 for this purpose. The district court, in its memorandum and order, noted this discrepancy and affirmed the $3,100 figure. Although we affirm, we remand for correction of the clerical mistake which awards judgment in the incorrect amount of $3,400 instead of the correct amount of $3,100. See Fed. R. Crim. P. 36.

2

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED

3